**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| Plaintiff, | ) | **MOTIONS FOR SEVERANCE AND** |
| | ) | **BILL OF PARTICULARS** |
| vs. | ) | |
| | ) | |
| Lillian Holen, | ) | Case No. 1:06-cr-082-04 |
| | ) | |
| Defendant. | ) | |

Before the Court are two motions by defendant Lillian Holen (Holen) filed on November 20, 2006. The first is a Motion for Severance, and the second is a Motion for Bill of Particulars. For the reasons set forth below, both motions are denied.

**I.      BACKGROUND**

On October 25, 2006, defendant Lillian Holen and six other defendants were charged in a four-count indictment with: (1) fraud conspiracy, (2) embezzlement and theft from Indian tribal organization, (3) fraud and misapplication of federal funds, and (4) wire fraud. See Docket No. 2. Holen is only charged with the first three counts. The indictment alleges that Holen had been employed by the Twin Buttes Elementary School on the Fort Berthold Indian Reservation for the past 25 years. The indictment alleges that Holen's responsibilities have included financial oversight and preparing and monitoring the school's budget. The indictment further alleges that Holen received a salary of $63,627.20 in 2005.

The indictment alleges that Holen approved and justified fraudulent work-related travel expenses by claiming that the expenses were within the school's budget when, in fact, they were not. The indictment further alleges that between January 1, 2003, and December 31, 2005, Holen

personally and on behalf of others, claimed and received from school funds approximately $35,000 in payroll and travel advances, travel reimbursement, checks, stipends, and cash.

Specifically, the indictment alleges that in approximately June 2003, Holen searched for training in Las Vegas, Nevada, because her granddaughter was performing in a recital in Las Vegas in July, 2003. The indictment alleges that Holen identified a conference which was created for professional contractors and builders, contacted the promoter, asked to be registered for the conference, and promised to pay a conference fee upon arrival. The indictment alleges that Holen did not attend the conference and never paid the non-refundable registration. However, the indictment alleges that Holen did attend her granddaughter's dance recital and fraudulently received $3,853.40 in travel expenses for the trip, claiming an addition $1,000 stipend and four days of training when the actual conference was a one day event held on July 10, 2003. The indictment indicates that the travel was not pre-approved by the school board.

The indictment also alleges that on or about October 29, 2003, Holen received $3,565 for travel to Las Vegas, Nevada for a two-day seminar from November 6-7, 2003, on Writing a Winning Grant Proposal. The indictment alleges that Holen did not attend the training and concealed her fraud by paying the host of the training, Falmouth Institute, a cancellation fee with a personal check.

On or about February 12, 2004, the indictment alleges that Holen and a co-defendant, Melissa Starr, caused the school to fraudulently pay $3,442 for the benefit of the Holen. The voucher lists a payroll advance of $1,700 for Holen, and Holen then received the balance of the $3,442 in the form of a school check in the amount of $1,742. One day later, on February 13, 2006, Holen requested a $1,500 "incentive" award from the school board. The school board approved the request.

The indictment alleges that on or about December 22, 2004, Holen received $729.25 in a travel advance for the FBISBA tournament. Included in the voucher was a $500 work stipend and Holen also received an additional $300 work stipend check for the tournament.

Finally, the indictment alleges that Holen and three other defendants, Melissa Starr, Hank Starr, and Elaine Incognito, endorsed and negotiated school checks for cash. The indictment specifically lists the dates and amounts of the checks, as well as who the party who endorsed each check.

## II.    LEGAL DISCUSSION

### A.    BILL OF PARTICULARS

A bill of particulars serves to inform the defendant of the nature of the charge against him/her with sufficient precision to enable the defendant to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable the defendant to plead acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite. United States v. Hernandez, 299 F.3d 984, 989-90 (8th Cir. 2002). The Court, in its discretion, may direct the Government to file a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. See Fed. R. Civ. P. 7(f). It is well-established that in order to show reversible error from the denial of a motion for a bill of particulars, a defendant must show that he/she was actually surprised at trial and suffered prejudice from the denial. United States v. Hernandez, 299 F.3d 984, 989-90. The granting or denial of a bill of particulars lies within the broad discretion of the trial court. United States v. Hernandez, 299 F.3d 984, 989-90 (8th Cir. 2002); United States v. Maull, 806 F.2d 1340, 1345 (8th Cir. 1986); United States v. Arenal, 768 F.2d 263, 268 (8th Cir. 1985);

United States v. Gray, 464 F.2d 632, 635 (8th Cir. 1972).  A bill of particulars may not be used as a discovery tool or to obtain detailed disclosure of the Government's evidence and theories.  United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993).

In her motion, Holen requests that the Government itemize each and every incident that the Government contends was an unlawful receipt of funds by Holen.  Holen requests that this itemization include the dates the funds are alleged to have been received, the exact amount of the funds, the entity that issued the funds to Holen, and a description of all documentation the Government possesses that allegedly establishes the receipt of the funds by Holen.  "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution."  United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993) (citing United States v. Young, 618 F.2d 1281, 1286 (8th Cir. 1980)).

As a general rule, the accused is not entitled to a bill of particulars which provides the exact date of the commission of the alleged crimes where time is not an essential element of the crime. See United States v. Nunez, 668 F.2d 10, 11-12 (1st Cir. 1981); United States v. Austin, 448 F.2d 399, 401 (9th Cir. 1971) ("generally, exact dates are not required so long as they are within the statute of limitation ... and no prejudice is shown").

There is no dispute that Holen has been provided with the approximate time frame of the alleged offenses, as well as specific dates related to several occurrences.  The indictment alleges a time frame starting on or about August 9, 2001, and continuing until on or about October 2006.  The indictment specifically points out actions by Holen that occurred in June 2003, October 29, 2003,

4

February 12-13, 2004, March 18, 2004, and December 22, 2004.  To require the Government to provide a bill of particulars would serve no legitimate purpose as Holen should be able to glean from the discovery materials any existing relevant information concerning the date(s) involved in the alleged offense.

Even if the indictment is insufficient, the availability of information as to the specific conduct and facts of the charge from other sources, such as hearings and the "open-file" policy of the United States Attorney's Office, eliminates the need for a bill of particulars.  See United States v. Fleming, 8 F.3d 1264, 1265 (8th Cir. 1993) (stating that there was no need for a bill of particulars where, despite a question as to the conduct complained of in the indictment, the defendant learned of the facts alleged by the government during an evidentiary hearing); United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991) (the nature and operations of the "open-file" policy is an adequate form of information retrieval making a bill of particulars unnecessary).

Holen has or will receive investigative reports pursuant to the Government's open-file policy and will be provided sufficient time to complete discovery.  In its discretion, the Court finds that the indictment is legally sufficient and fairly informs the defendant of the criminal charge against her. Even if the indictment was not deemed to be legally sufficient, the Court finds that the Government's open-file policy and discovery, when coupled with the indictment, is sufficient to fairly inform the defendant of the facts and conduct alleged against her.

In summary, the Court finds that the indictment is legally sufficient and fairly informs the defendant of the charge against her and the corresponding time frame.  A bill of particulars is neither warranted nor appropriate under the circumstances.

**B.     SEVERANCE**

When a defendant moves for severance, a district court must first determine whether joinder is proper under Rule 8 of the Federal Rules of Criminal Procedure. Holen has not alleged that the offenses were improperly joined under Rule 8(a) of the Federal Rules of Criminal Procedure. Thus, the Court will not engage in a discussion of the propriety of joinder.

It is well-established that where the defendants are alleged to have be engaged in a conspiracy, joinder is appropriate. United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996). Rule 14(a) of the Federal Rules of Criminal Procedure provides relief from prejudicial joinder of offenses as follows:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

A severance under Rule 14 should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 538 (1993). However, a defendant is "not entitled to severance merely because they may have a better chance of acquittal in separate trials." Id. As a general rule, persons charged with a conspiracy will be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts. United States v. Foote, 920 F.2d 1395, 1398 (8th Cir. 1990) (citing United States v. O'Meara, 895 F.2d 1216, 1218 (8th Cir.) cert. denied, 498 U.S. 943 (1990)). It is well-established that a defendant can demonstrate real prejudice to his right to a fair trial by showing (a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the

evidence as it relates to the separate defendants. United States v. Washington, 318 F.3d 845, 858 (8th Cir. 2003). The risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions. United States v. Mickelson, 378 F.3d 810, 818 (8th Cir. 2004). The defendant has the burden to establish that severance is warranted and necessary. Bear Stops v. United States, 204 F. Supp. 2d 1209, 1215-1216 (D. S.D. 2002).

### 1. CO-DEFENDANTS' TESTIMONY

Holen argues that without separate trials, she will be deprived of access to her co-defendants' testimony, which Holen contends is critical to her defense. The Government opposes severance and contends that Holen has failed to establish a likelihood that her co-defendants would testify at trial on her behalf and that any testimony would be exculpatory.

A district court is not required to grant severance simply because a defendant claims the need for a separate trial in order to call a co-defendant as a witness. United States v. Blaylock, 421 F.3d 758, 766 (8th Cir. 2005). Rather, a defendant must establish the likelihood that the co-defendant actually would have testified and that the testimony would have been exculpatory. United States v. Blaylock, 421 F.3d 758, 766 (8th Cir. 2005). "To be substantially exculpatory, the testimony must 'do more than merely tend to contradict a few details of the government's case'" United States v. Darden, 70 F.3d 1507, 1527 (8th Cir. 1995) (quoting United States v. Oakie, 12 F.3d 1436, 1441 (8th Cir. 1993)). A bald assertion by one defendant that a co-defendant will testify as to his innocence is insufficient to show the testimony will be sufficiently exculpatory to warrant severance. United States v. Vue, 13 F. 3d 1206, 1210 (8th Cir. 1994).

Holen has provided no support for her assertion that her co-defendants would testify at trial on her behalf other than assertions by her attorney. It is clear in the Eighth Circuit that such evidence is insufficient to establish the likelihood that a co-defendant will testify. See United States v. Vue, 13 F.3d 1206 (8th Cir. 1994)(the bald assertion by one defendant is insufficient to support request for severance); but see United States v. Foote, 920 F.2d 1394, 1397 (8th Cir. 1990) (an affidavit from a co-defendant showing his willingness to testify on behalf of another co-defendant is sufficient to show that the co-defendant would actually testify at trial). The Court finds that Holen has failed to establish that her co-defendants actually would testify at a separate trial.

### 2.  **WEIGHT OF EVIDENCE**

A defendant can demonstrate prejudice by showing that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants because of a prejudicial spillover effect. United States v. Hively, 437 F.3d 752, 765 (8th Cir. 2006). "Severance is never warranted simply because the evidence against one defendant is more damaging than that against another, even if the likelihood of the latter's acquittal is thereby decreased." United States v. Hively, 437 F.3d 752, 765 (8th Cir. 2006) (quotations and citations omitted); see United States v. Mathison, 157 F.3d 541, 546 (8th Cir. 1998). A defendant must make a "specific showing that a jury could not reasonably be expected to compartmentalize the evidence." United States v. Hively, 437 F.3d 752, 765 (8th Cir. 2006). In assessing the jury's ability to compartmentalize the evidence against joint defendants, the court should give consideration to the complexity of the case and the adequacy of the jury instructions, along with admonitions to be given to the jury. United States v. Frank, 354 F.3d 910, 920 (8th Cir. 2004).

Holen does not argue that a jury would be unable to compartmentalize the evidence in this case. Instead, Holen asserts that because she was not a member of the school board, she has little if any knowledge of what transpired during school board meetings and was advised that she was approved and authorized to receive all of the funds paid to her.

Each defendant in a conspiracy may be held accountable for the actions taken by other defendants in furtherance of the conspiracy, and thus the evidence to be offered at trial relating to the activities of her co-defendants, regardless of whether Holen directly participated in those activities, would likely be admissible against Holen in a separate trial. See United States v. Darden, 70 F.3d 1507, 1527 (8th Cir. 1995). Further, the Court routinely gives pattern jury instructions in conspiracy cases to minimize any potential spillover effect. The Court finds that Holen has failed to establish that the jury will be unable to compartmentalize the evidence, or that she will be prejudiced by a joint trial with the co-defendants.

### III.    CONCLUSION

The Court finds that Holen has not shown that a bill of particulars is required or that she will be prejudiced by the joinder of the trial with that of co-defendants. The Court **DENIES** the Defendant's Motion for Bill of Particulars and Motion for Severance. (Docket Nos. 36, 38).

**IT IS SO ORDERED.**

Dated this 8th day of December, 2006.

                                          */s/ Daniel L. Hovland*
                                          Daniel L. Hovland, Chief Judge
                                          United States District Court